J. Robert Johnson, J.
The defendant moves to dismiss on the grounds of failure to file a complaint and lack of jurisdiction in the County Court.
The civil jurisdiction of the County Court generally is limited to the powers set forth in the Constitution and such other powers as may be granted by statute.
Jurisdiction over corporations is set forth in subdivision 3 of section 190 of the Judiciary Law. The statute in effect at the time of the commencement of this action required that the defendant reside or have ‘ ‘ an office for the transaction of business within the county.” This would not appear to exclude a foreign corporation if the corporation had such office within the county.
The answering affidavit does not directly controvert" the allegation that the defendant is a foreign corporation or allege that it has such office within the county. The court must therefore conclude that the defendant is a foreign corporation and has no such office.
The plaintiff relies on the present section 190 as conferring jurisdiction. True, under the present law this court might have jurisdiction on the ground that the defendant was doing business within the county, and if such is the case, that the cause of action arose therein.
Unfortunately for the plaintiff, this jurisdiction was not granted to the court until September 1, 1971. The present action was commenced by the service of a summons on February 1, 1970.
Therefore, the motion to dismiss must be granted on the ground of lack of jurisdiction in this court. It is unnecessary at this time to pass on the other grounds set forth in the moving papers.
The motion to dismiss is granted solely on jurisdictional ground.